# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD RYAN II, | Case No. 1:15-cv-01152 DLB PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTIONS 1983 AND 1985 |
| v. | |
| LEO SIQUEIROS, et al., | |
| Defendants. | |

### I.     Screening Requirement and Standard

Plaintiff James Richard Ryan II, a state civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 on July 24, 2015. He consented to the jurisdiction of the Magistrate Judge on September 18, 2015.

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

1  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual
2  allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

3       Pro se litigants are entitled to have their pleadings liberally construed and to have any
4  doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe*
5  *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to
6  survive screening, which requires sufficient factual detail to allow the Court to reasonably infer
7  that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation
8  marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer
9  possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability
10  falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks
11  omitted); *Moss*, 572 F.3d at 969.

12  **II.**  **Discussion**

13      **A.**  **Plaintiff's Allegations**

14       Plaintiff was detained at Coalinga State Hospital ("CSH") at the time the events giving rise
15  to this action occurred.  Plaintiff brings this action against the following Defendants: Psychiatric
16  Technicians Leo Siqueiros, Marcelina Rodriguez, and Sandy Gallarza; Hospital Administrator
17  Brandon Price; Unit Supervisor Barbara Rodriguez; Executive Director Audrey King; and Does 1
18  to 5.

19       Plaintiff alleges as follows.  On June 26, 2015, at 9:00 a.m., Plaintiff attended his regularly
20  attended crocheting class at CSH.  On his way to the class, Plaintiff was required to travel through
21  a "work change" station where he was screened by a metal detector.  He was also subjected to a
22  search of his bag.  Departmental Services Officer Francisco Moreno searched the bag and found a
23  manual pencil sharpener and dental floss which he claimed was contraband and confiscated.
24  Plaintiff claims the items are not contraband.  Plaintiff then attended the class.

25       A short time later, Defendants Siqueiros and Gallarza came to the class, collected Plaintiff,
26  and stated his level was on "hold."[1]  Plaintiff expressed his distress at having his level "pulled."

---

[1] Plaintiff states that placing a resident on "hold" means that the resident is actually imprisoned in his housing unit insofar as he/she may not leave unless permitted to attend meals.  Placing a resident on hold is a procedure allegedly done without due process of any sort.

2

Plaintiff alleges that instead of assembling a Wellness and Recovery Team to resolve the problem immediately, as required, Plaintiff's level would remain on "hold" through the weekend until at least Monday, June 29, 2015. Plaintiff complained that if he were to remain on hold through the weekend, he would lose his job. Plaintiff claims that Defendants Siqueiros, Marcelina Rodriguez, and Gallarza directly retaliated against Plaintiff for complaining when Defendants advised him that they were going to search his bed area and property for contraband.

Defendants Siqueiros, Marcelina Rodriguez, and Gallarza conducted a search of Plaintiff's bed area leaving it a shambles. Defendants seized Plaintiff's USPS mailing boxes, envelopes, and factory boxes stating they were cardboard and contraband. Plaintiff states they were not contraband. Defendants also seized Plaintiff's replacement screen for a media player stating it was contraband because it was modified since it had tape on it and was therefore altered.

Plaintiff claims that Defendant Barbara Rodriguez conspired to violate Plaintiff's civil rights through intentional, malicious and sadistic enforcement of draconian policies and procedures meant to enhance punishment on Plaintiff. Plaintiff claims he filed many written complaints to Defendants Price and King complaining about Defendant Barbara Rodriguez's punitive procedures. Defendants Price and King did not respond.

Plaintiff claims that Defendants violated his Fourth Amendment right to privacy through their unreasonable searches and seizures of his property. He further claims Defendants Siqueiros, Marcelina Rodriguez, and Gallarza retaliated against him in violation of the First Amendment. Finally, Plaintiff claims Defendants conspired together to deprive Plaintiff of his rights and privileges guaranteed by the Constitution.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

### B. Fourth Amendment Search and Seizure

The Fourth Amendment prohibits unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); *Byrd v. Maricopa County Sheriff's Office*, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2964 (2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). For the Fourth Amendment to apply, there must be a "reasonable expectation of

privacy in the area invaded." *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010); *Hudson v. Palmer*, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984); *Bell v. Wolfish*, 441 U.S. 520, 556-57, 99 S.Ct. 1861 (1979).

In this instance, items were determined to be contraband and seized from Plaintiff's bag upon entry to a class. Based on this seizure, Plaintiff's room at CSH was searched based on the suspicion that he had contraband. Certain items were seized as contraband, although some items were later returned. Plaintiff contends that the items were not contraband and his rights under the Fourth Amendment were therefore violated.

While Plaintiff is not a convicted criminal, he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights. Civil detainees are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish, *Youngberg v. Romeo*, 457 U.S. 307, 322, 102 S.Ct. 2452 (1982) (quotation marks omitted), but maintaining facility security and effectively managing the facility are unquestionably legitimate, non-punitive government interests, *Jones v. Blanas,* 393 F.3d 918, 932 (9th Cir. 2004) (quotation marks omitted).

The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains any reasonable expectation of privacy at all in his room at CSH, it would necessarily be of a diminished scope given Plaintiff's civil confinement. *See Bell*, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or room at detention facility). Here, Plaintiff's claim arises from a room search which was initiated based on the suspicion that Plaintiff had contraband in light of the previous seizure of contraband at his class. Whatever diminished expectation of privacy Plaintiff may have in his room at CSH, it cannot extend so far as to encompass an expectation of privacy in remaining free from suspicion-based contraband searches. *See Bell*, 441 U.S. at 557. Plaintiff acknowledges that Defendants stated their intent to search was based on suspicion of contraband, but he contends their actual motivation was retaliatory because he had complained about a previous search and seizure. Nevertheless, there are no facts to support this allegation of a retaliatory motive. The mere fact that the search was conducted after Plaintiff complained of the initial search is

insufficient. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (*post hoc, ergo propter hoc* - or after this, therefore because of this - is a logical fallacy) (quotation marks omitted).

Other courts which have considered the issue have concluded that no Fourth Amendment claim lies because civil detainees do not have a reasonable expectation of privacy in their rooms. *See Houx v. Koll*, No. 1:15-CV-00146-LJO, 2015 WL 4138967, at *4 (E.D. Cal. July 8, 2015) (bare allegation that detainee's living area and property were subjected to searches is insufficient to support a viable claim under the Fourth Amendment); *Osolinski v. Bigo*, No. 1:14-CV-01895-AWI, 2015 WL 403793, at *3 (E.D. Cal. Jan. 28, 2015) (same); *Pesci v. Budz*, No. 2:12-cv-227-FtM-29SPC, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); *Rainwater v. Bell*, No. 2:10-cv-1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); *Pyron v. Ludeman*, Nos. 10-3759 (PJS/JJG), 10-4236 (PJS/JJG), 2011 WL 3293523, at *6 (D. Minn. Jun. 6, 2011) (finding motion to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), *report and recommendation adopted in full*, 2012 WL 1597305 (D. Minn. Jul. 29, 2011); *Riley v. Doyle*, No. 06-C-574-C, 2006 WL 2947453, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); *but see Stearns v. Stoddard*, No. C11-5422-BHS-JRC, 2012 WL 1596965, at *3 (W.D. Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), *report and recommendation adopted in full*, 2012 WL 1597305 (W.D. Wash. May 7, 2012). Accordingly, the Court finds that Plaintiff does not have a reasonable expectation of privacy in his room at CSH under the circumstances alleged and he fails to state a cognizable Fourth Amendment claim. Plaintiff will be granted leave to amend.

### C.     Retaliation

With respect to civil detainees, "a viable claim of First Amendment retaliation entails five

basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate [government] goal." *Endsley v. Luna*, No. CV 06-04100 DSF (SS), 2009 WL 3806266, at *15 (C.D. Cal. Nov. 12, 2009), *aff'd*, 473 F. App'x 750 (9th Cir. 2012) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) and adapting *Rhodes* prison standard to civil detainee case); *see also Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077–78 (9th Cir.1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir.1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir.1995); *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam).  Here, Plaintiff offers no factual allegations supporting the claim that Defendants acted out of retaliatory intent.

### D.     Conspiracy

Plaintiff claims that Defendant Barbara Rodriguez conspired to violate his civil rights through intentional, malicious and sadistic enforcement of draconian policies and procedures meant to enhance punishment on Plaintiff and other inmates, under 42 U.S.C. § 1985.  He further claims Defendants Price and King conspired to violate Plaintiff's rights by ignoring Plaintiff's and other inmates' written complaints concerning Defendant Barbara Rodriguez's punitive procedures.

To establish a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate a conspiracy for the purpose of depriving another of the equal protection of the laws and an act in furtherance of that conspiracy, causing injury to a person or property or the deprivation of a legal right. *Federer v. Gephardt*, 363 F.3d 754, 757–58 (8th Cir.2004). "'The language requiring intent to deprive [another] of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Id. ¶ at 758 n. 3 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)) (alteration added). "It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271–72, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993).

Here, Plaintiff does not allege invidious discrimination or any deprivation of the equal protection of the laws, or equal privileges and immunities; therefore, he fails to state a claim for conspiracy under § 1985.

### III. Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under sections 1983 or 1985. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages, excluding exhibits; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 17, 2016**                              **/s/ Sandra M. Snyder**
                                                                   UNITED STATES MAGISTRATE JUDGE