# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD RYAN II,<br><br>  Plaintiff,<br><br>  v.<br><br>LEO SIQUEIROS, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-01152-SAB (PC)<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO CLOSE THE CASE<br><br>[ECF No. 12] |

Plaintiff James Richard Ryan II, a state civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, 1985 on July 24, 2015. Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 18, 2015, pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

## I.

## RELEVANT HISTORY

On May 18, 2016, the Court screened and dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 7.) Plaintiff subsequently filed a first amended complaint on July 29, 2016, which is pending review before the Court.

///

///

///

## II.

## SCREENING REQUIREMENT

The Court is required to screen Plaintiff's first amended complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff was detained at Coalinga State Hospital ("CSH") at the time of the events giving rise to this action occurred. Plaintiff brings this action against the following Defendants: Psychiatric Technicians Leo Siqueiros, Marcelina Rodriguez, and Sandy Gallarza; Hospital Administrator Brandon Price; Unit Supervisor Barbara Rodriguez; Executive Director Audrey King; and Does 1 to 5.

Plaintiff alleges on June 26, 2015, at approximately 9:00 a.m., he attended his regularly scheduled crocheting class at CSH. To enter the classroom, Plaintiff had to go through a metal

detector and was also subject to a manual search of his bags.  Departmental Police Services Officer Francisco Moreno searched Plaintiff's person and bag and found a manual pencil sharpener and dental floss which he claimed was contraband and confiscated.  Plaintiff contends the items were not contraband.  Officer Moreno permitted Plaintiff to attend class, but telephoned Plaintiff's housing unit to report the violation.

A short time later, Defendants Siqueiros and Gallarza came to the class, collected Plaintiff and ordered him to immediately return to Unit 13.  Once Plaintiff returned and entered Unit 13, Defendants Siqueiros and Gallarza informed Plaintiff he was restricted to Unit 13, without a hearing or any due process.  Plaintiff expressed his distress at being confined to Unit 13, without justification or hearing by his Wellness and Recovery Team.

In direct retaliation for Plaintiff's expression of his distress, Defendants Siqueiros and Gallarza informed Plaintiff that instead of assembling a Wellness and Recovery Team to resolve the problem immediately, as required, Plaintiff would remain on "hold" throughout the weekend until at least Monday, June 29, 2015.  Plaintiff complained that if he were to remain on hold through the weekend, he would lose his job.  Plaintiff claims Defendants Siqueiros, Marcelina Rodriguez, and Gallarza retaliated against him for complaining when Defendants advised him they were going to search his bed area and property.

Defendants Siqueiros, Gallarza, and Marcelina Rodriguez performed a search of Plaintiff's bed area leaving it a shambles.  Defendants seized Plaintiff's USPS mailing boxes, envelopes, and factory boxes stating they were cardboard and contraband.  Plaintiff indicates such items were not contraband.  Defendants also seized Plaintiff's replacement screen for his media player falsely stating it was contraband because it was modified since it had tape on it and was therefore altered.

Plaintiff claims that Defendant Barbara Rodriguez conspired to violate Plaintiff's civil rights through intentional, malicious and sadistic enforcement of draconian policies and procedures meant to enhance punishment on Plaintiff.  Plaintiff claims he has filed many written complaints to Defendants Price and King complaining about Defendant Barbara Rodriguez's punitive procedures.  Defendants Price and King did not respond.

As in Plaintiff's original complaint, Plaintiff claims Defendants violated his Fourth Amendment right to privacy through their unreasonable searches and seizures of his property. He further claims Defendants Siqueiros, Marcelina Rodriguez, and Gallarza retaliated against him in violation of the First Amendment. Finally, Plaintiff claims Defendants conspired together to deprive Plaintiff of his rights and privileges guaranteed by the United States Constitution.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

Because Plaintiff's claims in the first amended complaint are virtually identical to the claims presented in the original complaint, which was dismissed with leave to amend for failure to state a cognizable claim for relief, Plaintiff's amended complaint must be dismissed with prejudice for failure to state a cognizable claim for relief.

## IV.

## DISCUSSION

### A.     Fourth Amendment Search and Seizure

The Fourth Amendment prohibits unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson v. Palmer, 468 U.S. 517, 525 (1984); Bell v. Wolfish, 441 U.S. 520, 556-57 (1979).

In this instance, the items seized from Plaintiff's bag upon entry to his class were determined to be contraband. Based on the seizure, Plaintiff's room at CSH was searched for further contraband, and certain items were seized as contraband. Plaintiff contends that because the items were not contraband his rights under the Fourth Amendment were violated.

Although Plaintiff is not a convicted criminal, he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights. Civil detainees are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish, Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (quotation marks omitted), but maintaining facility security and effectively managing the facility are

1 unquestionably legitimate, non-punitive government interests, <u>Jones v. Blanas</u>, 393 F.3d 918, 932 (9th
2 Cir. 2004) (quotation marks omitted).
3    The contours of an involuntarily confined civil detainee's right to privacy in his room in a
4 secure treatment facility are unclear, but assuming Plaintiff retains any reasonable expectation of
5 privacy at all in his room at CSH, it would necessarily be of a diminished capacity given Plaintiff's
6 civil confinement.  <u>See</u> <u>Bell</u>, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell
7 or room at detention facility).  Thus, the reasonableness of the search involving a civilly detained
8 individual is determined by reference to the detention context.  <u>Hydrick</u>, 500 F.3d at 993.  "SVPs have
9 been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to
10 the health and safety of others."  <u>Id.</u> at 990.  The government's legitimate interests in conducting a
11 search of a civilly detained individual or his room mirrors those that arise in the prison context, such
12 as the safety and security of guards and others in the facility, order within the facility, and the
13 efficiency of the facility's operations.  <u>Id.</u> at 993; <u>see also</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 932 (9th Cir.
14 2004).
15    In this instance, Plaintiff's claim arises from a room search which was initiated based on
16 suspicion that Plaintiff had contraband in light of the previous seizure of contraband prior to entry to
17 his class.  Whatever diminished expectation of privacy may have in this room at CSH, it cannot extend
18 so far as to encompass an expectation of privacy in remaining free from suspicion-based contraband
19 searches.  <u>See</u> <u>Bell</u>, 441 U.S. at 557.  Plaintiff acknowledges that Defendants Siqueiros, Gallarza, and
20 Marcelina Rodriguez informed him they would perform a "search" of Plaintiff's bed area and personal
21 property for contraband, but he contends the actual motivation was retaliatory in nature because he had
22 complained about a previous search and seizure.  However, there are insufficient facts to support the
23 allegations of a retaliatory motive, and the mere fact that the search was conducted after Plaintiff
24 complained about the initial search is insufficient.  <u>See, e.g.</u>, <u>Huskey v. City of San Jose</u>, 204 F.3d
25 893, 899 (9th Cir. 2000) (post hoc, ergo propter hoc – or after this, therefore because of this – is a
26 logical fallacy) (quotation marks omitted).  Although Plaintiff contends that the initial search by
27 officer Moreno "set the metal detector to the limits of its sensitivity when he saw plaintiff approach
28 the meter detector, and then the buzzer sounded," Plaintiff's claim centers around his disagreement

5

with the determination that the items confiscated were contraband, and there was therefore no need for a subsequent search, the fact that Plaintiff disagrees with the determination that the property was contraband does not render the initial and subsequent search unlawful.  Indeed, the relevant determination under the Fourth Amendment is whether the search was reasonable given the surrounding circumstances.  Accordingly, Plaintiff fails to state a cognizable claim under the Fourth Amendment.

### B. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2013)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff clearly contends that the taking of his property as "contraband" was unauthorized, which is not cognizable by way of section 1983 complaint.  Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property under section 1983.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

### C. Retaliation

With respect to civil detainees, "a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise

6

1  of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
2  [government] goal." Endsley v. Luna, No CV 06-04100 DSF (SS), 2009 WL 3806266, at *15 (C.D.
3  Cal. Nov. 12, 2009), aff'd, 473 F. App'x 750 (9th Cir. 2012) (quoting Rhodes v. Robinson, 408 F.3d
4  559, 567-68 (9th Cir. 2005) and adapting Rhodes prison standard to civil detainee case); see also
5  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); Vignolo v. Miller, 120 F.3d 1075, 1077-78 (9th
6  Cir. 1997); Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 806
7  (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d
8  813, 815-816 (9th Cir. 1994) (per curiam).

As with Plaintiff's original complaint, Plaintiff fails to set forth a sufficient factual basis to support a plausible inference that any Defendant acted with a retaliatory motive. Accordingly, Plaintiff fails to state a claim for retaliation.

**D.   Conspiracy**

Plaintiff contends that since becoming supervisor of the CSH Unit 13, Defendant Barbara Rodriguez has conspired by intentionally implemented and enforced malicious and sadistic draconian policies and procedures meant to enhance punishment on Plaintiff and others under 42 U.S.C. § 1985. Plaintiff further claims that Defendants Price and King conspired to violate his rights by ignoring Plaintiff's and other individuals' written complaints regarding Defendant Barbara Rodriguez's punitive procedures.

To establish a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate a conspiracy for the purpose of depriving another of the equal protection of the laws and an act in furtherance of that conspiracy, causing injury to a person or property or the deprivation of a legal right. Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004). "'The language requiring intent to deprive [another] of equal protection, or equal privileges and immunities, means that there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's actions.'" Id. at 758 n. 3 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). "It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 271-72 (1993).

Here, Plaintiff fails to allege invidious discrimination or any deprivation of the equal protection of the laws, or equal privileges and immunities; therefore, Plaintiff fails to state a claim for conspiracy under § 1985.

## V.

## CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint.  Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support his claims and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 22, 2016**

UNITED STATES MAGISTRATE JUDGE